UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLYDE WALLACE BEY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3421 |
| | ) | |
| RYAN SIMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and currently incarcerated in Hill
Correctional Center, pursues a claim against some Springfield
police officers and assistant state's attorneys for allegedly pursuing
knowingly false criminal charges against Plaintiff.  The case is
before the Court for a merit review pursuant to 28 U.S.C. § 1915A.
In reviewing the Complaint, the Court accepts the factual
allegations as true, liberally construing them in Plaintiff's favor.
<u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).

## ALLEGATIONS

On September 24, 2010, Plaintiff was allegedly falsely arrested and charged with domestic battery and armed robbery. When Plaintiff refused to participate in a line-up, Sangamon County Assistant State's Attorney Jamiela Kassem allegedly retaliated against Plaintiff by charging Plaintiff with baseless additional criminal counts. About one month prior, then First Assistant State's Attorney John Milhiser had allegedly refused to prosecute the same charges for lack of evidence. Despite Milhiser's conclusion, the detectives and Kassem allegedly conspired to proceed with the baseless prosecution anyway. In addition to Milhiser, Assistant State's Attorneys Noll and Wier also allegedly knew the charges were groundless but failed to stop the prosecution.

On January 16, 2013, ten counts of robbery charges were allegedly dismissed against Plaintiff for insufficient evidence. Plaintiff alleges that he was wrongfully incarcerated for two years because of the false charges. He also alleges that the false charges caused him to suffer two false convictions, mental instability, and the defamation of his character.

**ANALYSIS**

A two year statute of limitations applies to Plaintiff's claims. Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, section 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202). To the extent Plaintiff pursues a false arrest or false imprisonment claim, that claim accrued in October 2010, after Plaintiff was arrested and had his hearing before a judge. Serino v. Hensley, 735 F.3d 588 (7th Cir. 2013)(citing Wallace v. Kato, 549 U.S. 384, 387 (2007)(Statute of limitations starts to run on Fourth Amendment false arrest claim when "claimant becomes detained pursuant to the legal process."). That means the statute of limitations expired on Plaintiff's false arrest/false imprisonment claims in October of 2012, more than one year before Plaintiff filed this lawsuit. Therefore, Plaintiff's false arrest/false imprisonment claims are barred by the statute of limitations. *See* Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

However, Plaintiff's malicious prosecution claim is not barred by the two-year statute of limitations. Nonetheless, the assistant state's attorneys are absolutely immune from a federal damages claim for their decision to file and pursue charges against Plaintiff, even if those charges were knowingly false. Imbler v. Pachtman, 424 U.S. 409, 431 (1976)("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."). Further, as for any actions by Defendants which were not protected by absolute immunity, no federal malicious prosecution claim exists if state law provides an adequate remedy, and Illinois law does provide an adequate remedy. Julian v. Hanna, 732 F.3d 842, 845 (7th Cir. 2013)(other cites omitted); Parish v. City of Chicago, 594 F.3d 551 (7th Cir. 2009).

Additionally, no plausible inference arises that Plaintiff suffered any damage from the alleged pursuit of false charges against him, which is an essential element of a malicious prosecution claim under Illinois law and also a constitutional claim under 42 U.S.C. Section 1983. Swick v. Liautaud, 169 Ill.2d 504, 512 (1996)(malicious prosecution claim requires the pursuit of

criminal proceedings against the plaintiff without probable cause, the termination of those proceedings in the plaintiff's favor, malice by the defendants, and damages suffered by the plaintiff); Neeses v. Shepard, 68 F.3d 1003, 1005 (7th Cir. 1995)("without harm there is no tort, . . . , a principle as applicable to constitutional torts as to common law torts).

The Court takes judicial notice of Plaintiff's state criminal proceedings, the docket of which is attached to this order.  While the first 10 criminal counts against Plaintiff were dismissed for insufficient evidence on January 16, 2013, counts 11 and 12 had already been tried to a jury in August of 2012.  The jury found Plaintiff guilty of count 11 (robbery) and count 12 (aggravated robbery), and Plaintiff was sentenced to 16 years, with credit for time served.  Therefore, Plaintiff would have served the same amount of time in jail with or without alleged false charges.  *See* Ramos v. City of Chicago, 716 F.3d 1013, 1020 (7th Cir. 2013)(no damages suffered on malicious prosecution claim where the plaintiff "would have served that time regardless" of the alleged false charge). The additional false charges caused him no actionable harm.  *See*

Paul v. Davis, 424 U.S. 693 (1976)(state actor's injury to individual's reputation does not state a constitutional claim).

Lastly, if Plaintiff is challenging his convictions, he cannot do so in this action. He must first pursue and exhaust his state court remedies, such as through the appeal he has filed in his criminal proceedings. The only federal route available for Plaintiff to challenge his convictions is through a federal habeas action, after exhausting state court remedies.

In sum, the Court cannot discern a plausible federal claim that can proceed in this action. Accordingly, this case must be dismissed.

**IT IS ORDERED:**

1)    Plaintiff's complaint is dismissed for the reasons explained above. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)    Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3)     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:   May 22, 2014

FOR THE COURT:

          **s/Sue E. Myerscough**
          SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE